[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Richard L. Lowe has taken the instant appeal from the judgment of the trial court revoking his probation and ordering the execution of the sentence of confinement imposed upon his May 1983 conviction for attempted burglary. Counsel appointed to prosecute this appeal submits that she has carefully examined the record of the proceedings below, that her review of those proceedings has disclosed no error, and that she has communicated with the appellant to advise him of this conclusion. She now requests that this court independently examine the record to determine whether this appeal is wholly frivolous. SeeAnders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396; Freels v.Hills (C.A. 6, 1988), 843 F.2d 958.
Our examination of the record confirms the common pleas court's finding that the appellant violated the conditions of his probation. But it also discloses an error in the journal entry revoking probation and ordering the execution of sentence.
The appellant was indicted in October 1982 for attempted aggravated burglary in violation of R.C. 2923.02 and 2911.11, as those statutes then provided. In May 1983, the trial court, upon the appellant's guilty plea, found him guilty of the lesser charge of attempted burglary in violation of those versions of R.C. 2923.02 and 2911.12 then in effect. The court thereupon sentenced him as for a third-degree felony to a two-to-ten-year term of imprisonment, suspended the sentence, and placed him on five years' probation.
In May 1984, the appellant was declared an absconder from the jurisdiction, and a warrant was issued for his arrest. The appellant was arrested on the outstanding warrant in December 2000 and returned to the jurisdiction. On January 12, 2001, following a hearing upon the matters set forth in a probation-violation report, the common pleas court placed of record its "JUDGMENT ENTRY REVOKING PROBATION AND ORDERING EXECUTION OF SENTENCE." By its entry, the court, upon its finding of a probation violation, revoked the appellant's probation, "terminate[d] the suspension of the sentence * * * [t]heretofore imposed * * * and order[ed] that sentence to be executed forthwith * * * ." With respect to the "sentence to be executed," however, the entry specified the following disposition:
 [T]o-wit, [the appellant] is sentenced to be imprisoned for a period of:
 [C]ount 1: TRAFFICKING-SALE LSS THN BULK, 2925-03A1/ORCN, F3, CONFINEMENT: 2 Yrs — 10 Yrs, Credit 180 Days DEPARTMENT OF CORRECTIONS. [Emphasis in original.]
 Thus, the entry accurately reflected the duration of the prison sentence imposed for attempted burglary in 1983, but misstated the offense for which "that sentence" had been imposed as trafficking in violation of R.C. 2925.03(A)(1).
Ordinarily, when this court's independent examination of a record deemed by appointed counsel to be error-free discloses "legal points arguable on their merits," Anders, supra at 744, 87 S.Ct. at 1400, this court will act to secure the appellant's right to "counsel who will vigorously and fairly advocate his rights on appeal," Freels, supra at 960- 961, by granting appointed counsel's motion to withdraw and appointing new counsel to function as the appellant's advocate before this court on the arguable legal points and on any other matter that new counsel's conscientious examination of the record might reveal. See,e.g., In re Booker (July 23, 1999), Hamilton App. No. C-980214, unreported. But, when, as here, the error is manifest on the record, and the record discloses no other "arguable" error in the proceedings below, the appointment of new counsel would neither advance the appellant's right to the effective assistance of counsel nor serve the interest of judicial economy.
We, therefore, overrule counsel's motion to withdraw from her representation of the appellant, affirm the judgment to the extent that it revokes probation and orders the execution of the prison sentence imposed in 1983, but remand this matter to the trial court with instructions to revise the entry denoting the revocation of probation and imposition of sentence to reflect the appellant's 1983 conviction for the third-degree felony of attempted burglary in violation of R.C. 2923.02
and 2911.12.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.